UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| VIRGIL SALMONS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | No.: |
|  | ) |  |
| GESTAMP CHATTANOOGA, LLC, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant is a Delaware limited liability company that does business in Tennessee. Its registered agent for service of process in Tennessee is CT Corporation System, 300 Montvue Road, Knoxville, Tennessee, 37919.

3. Defendant has a facility located on Jersey Pike in Chattanooga, Tennessee, where it manufactures automotive parts. Defendant's products are shipped throughout the United States.

4. Plaintiff was employed by Defendant as a production worker at its Jersey Pike facility from December of 2018 until September 8, 2023. During the last three years, Plaintiff worked as a team lead and as a production supervisor.

5. While he was employed in the position of team lead, Defendant paid Plaintiff an

hourly rate for his work.

6. While he was employed in the position of team lead, Plaintiff worked overtime hours of more than 40 per workweek for which he was not paid one and one-half times his regular rate of pay.

7. More specifically, Defendant altered Plaintiff's time records by deleting some of his recorded overtime hours, and did not pay Plaintiff any compensation whatsoever for these overtime hours.

8. In addition, Defendant automatically deducted lunch breaks from Plaintiff's recorded work time and did not compensate him for this time, even though Plaintiff rarely took a lunch break.

9. While he was employed in the position of production supervisor, Defendant paid Plaintiff a weekly salary for his work. Defendant also paid Plaintiff an hourly rate of pay for some of the overtime hours he worked.

10. While he was employed in the position of production supervisor, Plaintiff worked overtime hours of more than 40 per workweek for which he was not paid one and one-half times her regular rate of pay.

11. More specifically, Defendant did not pay Plaintiff any additional compensation for some overtime hours, and only paid Plaintiff a regular rate, or "straight time," for some overtime hours.

12. In approximately August of 2023, shortly before his employment was terminated, Plaintiff complained to Defendant about its practice of deleting the recorded work time of hourly employees, and about the fact that he was not being paid overtime wages for overtime hours worked. Plaintiff complained to Defendant's human resources personnel about the fact that he

was not receiving overtime wages and advised human resources personnel that he believed that Defendant was required by law to pay him overtime wages.

13. In response to Plaintiff's complaints about Defendant's failure to pay overtime wages, Defendant placed Plaintiff on a performance improvement plan, and terminated his employment shortly thereafter.

### Count 1—Violation of FLSA's Overtime Provisions

14. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-13 above.

15. Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

16. Plaintiff was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

17. While he was employed by Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b) of the FLSA.

18. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant has annual gross volume of sales which exceed $500,000.00.

19. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

20. Pursuant to Section 207(a)(1) of the FLSA, Defendant was required to pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay for all hours worked over 40 during a workweek.

21. Defendant's failure to pay Plaintiff overtime wages of one and one-half times his

regular rate of pay for all overtime hours worked is a violation of Section 207(a)(1) of the FLSA.

22. As a result of Defendant's violations of Section 207 of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

23. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

24. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

25. Defendant's violations of Section 207 of the FLSA were willful. Specifically, Defendant was well aware of its obligation to pay Plaintiff overtime wages pursuant to the FLSA's requirements, or recklessly disregarded its legal obligation.

### Count 2—Violation of FLSA's Anti-Retaliation Provision

26. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-25 above.

27. The anti-retaliation provisions of the FLSA set forth in Section 215 apply to Defendant.

28. With respect to Plaintiff's complaints to Defendant's management that hourly employees were not being compensated for all overtime hours worked, those employees were entitled to overtime wages at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a given workweek. Accordingly, Defendant's failure to pay those employees overtime wages for all overtime hours was a violation of 29 U.S.C. § 207(a)(1).

29. With respect to Plaintiff's complaints to Defendant's management that he was not being compensated for all overtime hours worked, Plaintiff was entitled to overtime wages at a rate of one and one-half times his regular rate of pay for all hours worked over 40 in a given

workweek. Accordingly, Defendant's failure to pay him overtime wages was a violation of 29 U.S.C. § 207(a)(1).

30. Defendant terminated Plaintiff because he reported and complained about Defendant's violations of the FLSA.

31. Accordingly, Defendant violated 29 U.S.C. § 215(a)(3) when it terminated Plaintiff's employment.

32. As a result of Defendant's violation of Section 215(a)(3) of the FLSA, Defendant is liable to Plaintiff for lost wages, including back pay and front pay, pursuant to Section 216(b) of the FLSA.

33. In addition to the amount lost wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

34. Pursuant to Section 216(b) of the FLSA, Plaintiff is entitled to recover damages for lost benefits.

35. As a result of Defendant's violation of Section 215(a)(3) of the FLSA, Plaintiff is entitled to recover compensatory damages, including damages for emotional distress, mental anguish, pain and suffering, loss of enjoyment of life, and harm to reputation.

36. Defendant's termination of Plaintiff in violation of Section 215 of the FLSA was intentional and willful, entitling Plaintiff to punitive damages.

37. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

### Prayer for Relief

WHEREFORE, Plaintiff prays for a judgment for damages against Defendant that include the following:

(a) overtime back pay;

(b) liquidated damages in an amount equal to his overtime back pay;

(c) lost wages, including back pay and front pay;

(d) liquidated damages in an amount equal to his lost wages;

(e) damages for loss of benefits;

(f) compensatory damages, including damages for emotional distress, mental anguish, pain and suffering, loss of enjoyment of life, and harm to reputation;

(g) punitive damages;

(h) prejudgment interest;

(i) reasonable attorney's fees;

(j) the costs of this action; and

(k) all further general legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (TN 013839)
4525 Harding Pike, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff